UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

MICHAEL CARTER,

                     Plaintiff,

        -against-

CITY OF NEW YORK; a municipal entity,
POLICE OFFICER DARRELL WALLACE
(shield # 1902), POLICE OFFICER
ABRAHAM HIDALGO (shield #791),
POLICE OFFICER AHMED (shield # 2004),
POLICE OFFICER CAROL PETINAUD,
SERGEANT DANIELLE DAVIS, SERGEANT
WIL PELLEGRINO, SERGEANT JAMES
HUDAK, POLICE OFFICERS JOHN
DOE and RICHARD ROE (names and number of
whom are unknown at present), and other unidentified
members of the New York City Police Department
and the New York Hospital Police, New York City
Police Supervisors and Commanders RICHARD ROEs
1-50 of the New York City Police Department and the
New York Hospital Police,

                     Defendants.
------------------------------------------------------------ X

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 19 2011 ★

BROOKLYN OFFICE

**COMPLAINT**

**JURY TRIAL DEMANDED**

**11    4026**

**SUMMONS ISSUED**

GERSHON, J

LEVY M J

Plaintiff MICHAEL CARTER ("Plaintiff"), by his attorney ANTHONY CECUTTI, ESQ,

complaining of the Defendants, respectfully alleges, upon information and belief as follows:

**NATURE OF ACTION**

1.     This is a civil action, pursuant to 42 U.S.C. §1983, 1985 and 1988, seeking

monetary damages for Plaintiff's false arrest, malicious prosecution and wrongful imprisonment

in violation of his fundamental federal constitutional rights to due process of law and to be free

1

of unreasonable search and seizure.

2.      Members of the New York Hospital Police (hereinafter "NYHP") and New York City Police Department (hereinafter "NYPD") initiated the prosecution of Plaintiff without probable cause to believe Plaintiff to be guilty of the crimes charged.

3.      Defendant City of New York (hereinafter "Defendant CITY") is liable for the individual Defendants' acts under the theory of *respondeat superior*. At the time of the incidents, they were acting under color of state law in the course and scope of their employment at Defendant CITY and/or the NYPD, and/or NYHP, agencies of Defendant CITY.

4.      As a result of the aforementioned misconduct, Plaintiff was falsely arrested, maliciously prosecuted and incarcerated for approximately two and a half years for criminal offenses that he did not commit and suffered emotional, mental and psychological pain and suffering.

## STATEMENT OF JURISDICTION

5.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343 (3) and (4) and the aforementioned statutory and constitutional provisions.

6.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

7.      Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

8.      Plaintiff MICHAEL CARTER is and was at all times relevant herein a resident of the City of New York, State of New York.

9.      Defendant CITY OF NEW YORK ("Defendant CITY") is a municipal corporation existing by virtue of the laws of the State of New York.  It is authorized by law to maintain a police department and hospital police force, which act as its agents in the area of law enforcement and for which it is ultimately responsible.  Defendant CITY assumes the risks incidental to the maintenance of a police force and the employment of police officers and officers as said risks attach to the public consumers of the services provided by the NYPD and NYHP.

10.      Defendant WALLACE is and was at all times relevant herein an officer, employee, and agent of the NYPD and/or NYHP.  On August 29, 2008, in which he was involved in the false arrest of Plaintiff, he was assigned to the 71st Precinct.  He is being sued in his individual capacity.

11.      Defendant HIDALGO is and was at all times relevant herein an officer, employee, and agent of the NYPD and/or NYHP.  On August 29, 2008, in which he was involved in the false arrest of Plaintiff, he was assigned to the Kings County Hospital Command.  He is being sued in his individual capacity.

3

12.     Defendant AHMED is and was at all times relevant herein an officer, employee, and agent of the NYPD and/or NYHP. On August 29, 2008, in which he was involved in the falsely arrest of Plaintiff, he was assigned to the Kings County Hospital Command. He is being sued in his individual capacity.

13.     Defendant PETINAUD is and was at all times relevant herein an officer, employee, and agent of the NYPD and/or NYHP. On August 29, 2008, in which she was involved in the false arrest of Plaintiff, she was assigned to the Kings County Hospital Command. She is being sued in her individual capacity.

14.     Defendant DAVIS is and was at all times relevant herein an officer, employee, and agent of the NYPD and/or NYHP. On August 29, 2008, in which she was involved in the false arrest of Plaintiff, she was assigned to the Kings County Hospital Command. She is being sued in her individual capacity.

15.     Defendant PELLEGRINO is and was at all times relevant herein an officer, employee, and agent of the NYPD and/or NYHP. On August 29, 2008, in which he was involved in the falsely arrest of Plaintiff, he was assigned to the 71st Precinct. He is being sued in his individual capacity.

16.     Defendant HUDAK is and was at all times relevant herein an officer, employee, and agent of the NYPD and/or NYHP. On August 29, 2008, in which he was involved in the falsely arrest of Plaintiff, he was assigned to the 71st Precinct. He is being sued in his individual capacity.

17.     New York City Police Supervisors and Commanders Richard Roes 1-50 of the NYPD and NYHP, are and were at all times relevant herein involved in the false arrest and

4

malicious prosecution of Plaintiff. They are sued individually and in their official capacities for their participation in the false arrest and malicious prosecution of Plaintiff.

18. New York City Police Officers John Doe and Richard Roe (names and number of whom are unknown at present), and other unidentified members of the NYPD and NYHP, are and were at all times relevant herein officers, employees and agents of the NYPD and NYHP. Officers John Doe and Richard Roe are being sued herein in their individual capacities.

19. Each and all of the acts of the Defendants alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, employees, and officers of Defendant CITY and/or the NYPD, and/or the NYHP, when engaging in the conduct described herein.

20. At all times relevant herein, Defendants acted for and on behalf of Defendant CITY and/or the NYPD and/or the NYHP in furtherance of their employment by Defendant CITY, with the power and authority vested in them as officers, agents and employees of the CITY and/or the NYPD and/or the NYHP and/or incidentally to the lawful pursuit of their duties as officers, employees and agents of the City and/or the NYPD and/or the NYHP.

## STATEMENT OF FACTS

21. In July, 2008, Plaintiff, a resident of West Virginia, travelled to New York City to work for a construction company for approximately one month.

22. On August 9, 2008, Plaintiff voluntarily admitted himself to Kings County Hospital, located at 606 Winthrop Street, Kings County, for psychiatric treatment because he was experiencing

5

depression and thoughts of suicide. He was admitted for a 21 day stay.

23.     On August 21, 2008, at approximately 7:55 a.m., Plaintiff was inside a public dayroom on unit G-33. Another patient, Ms. Innes Harley was also present.

24.     Ms. Harley, was involuntarily admitted on or about July 3, 2008 with a psychiatric diagnosis of paranoid schizophrenia and displayed symptoms of psychosis, including but not limited to, hallucinations and delusions. In addition, she was placed on "one-to-one" observation for sexual preoccupation.

25.     Ms. Harley had a history of psychiatric hospitalizations and sexual preoccupation.

26.     At approximately 7:55 a.m. on August 21, 2008, a staff member, Ms. Vanesta Whyte, entered the day room as part of conducting her rounds.

27.     When she entered the day room, she allegedly saw Plaintiff and Ms. Harley with their pants down.

28.     Ms. Whyte did not observe Plaintiff commit any crimes or offenses against Ms. Harley.

29.     Ms. Whyte left the day room and reported her observations to the nurse in charge.

30.     The nurse in charge and another staff member entered the day room.

31.     The nurse in charge, and the other staff member observed Plaintiff and Ms. Harley fully clothed and sitting on chairs in the day room, near one another.

32.     Ms. Harley was repeatedly contacted and later interviewed by staff on August 21, 2008 and reported that Plaintiff raped her.

33.     Plaintiff was interviewed by staff on August 21, 2008 and denied committing any criminal offenses against Ms. Harley.

34.     Ms. Harley and Plaintiff were transferred to different units within the "G" Building, Kings County Hospital.

35.     Dr. Lisa Holcomb Ricketts completed a rape examination of Ms. Harley on August 21, 2008.

36.     Based on the examination, there was no physical evidence that Ms. Harley was raped.

37.     The rape kit was collected and included oral swabs and smears, fingernail scrapings, pulled head hairs, pubic hair combings, pulled pubic hairs, anal swabs and smears, vaginal swabs and smears and a buccal specimen. It was vouchered as arrest evidence under "P289997" on August 22, 2008.

38.     The rape kit was transported to the Office of the Chief Medical Examiner (hereinafter "OCME") for testing. It was received on August 25, 2008.

39.     On or about August 22, 2008 staff at Kings County Hospital commenced an investigation into Ms. Harley's allegations.

40.     On August 22, 2008, in a meeting with staff concerning the incident, Ms. Harley recanted her allegation that Plaintiff raped her.

41.     After completing psychiatric assessments of Ms. Harley and Plaintiff and evaluating the evidence, medical staff at Kings County Hospital determined that Ms. Harley's allegations were "unfounded."

42.     Nonetheless, Plaintiff was arrested upon discharge on August 29, 2008 by Defendants WALLACE, HIDALGO, AHMED, and PETINAUD.

43.     Despite having no probable cause to arrest and prosecute Plaintiff, Defendants New York City Police Supervisors and Commanders Richard Roes 1-50 of the NYPD and/or NYHP,

including, but not limited to, Defendants DAVIS, PELLEGRINO, and HUDAK, who were the supervising officers, reviewed, approved, and ratified the arrest of Plaintiff.

44.     Plaintiff was arrested for Rape in the First Degree (New York Penal Law § 130.35), a class B felony.

45.     The Defendants, lacking probable cause to arrest Plaintiff, failed to disclose all of the aforesaid relevant information, including exculpatory material, to the Kings County District Attorney's Office.

46.     Plaintiff was arraigned in Brooklyn Criminal Court on August 30, 2008.

47.     Plaintiff entered a plea of not guilty to the following charges: Rape in the Third Degree (New York Penal Law § 130.25(3)), a class E felony; Sexual Misconduct (New York Penal Law § 130.20(1)), a class A misdemeanor; Sexual Abuse in the Third Degree (New York Penal Law § 130.55), a class B misdemeanor; and Harassment in the Second Degree (New York Penal Law § 240.26(1)), a violation.

48.     Bail was set at twenty five thousand ($25,000.00) dollars cash or bond.

49.     In a report dated September 19, 2008, the OCME, based on the examination and testing of the rape kit, determined that there was no physical or DNA evidence of rape.

50.     In a laboratory report completed by the OCME, dated September 19, 2008, it was concluded that no semen was found on the oral swabs, vaginal swabs or anal swabs. Furthermore, no amylase was found on the vaginal swabs.

51.     Plaintiff was held by the New York City Department of Corrections during the pendency of this criminal case as he could not post bail.

52.     Throughout the course of the criminal case, Plaintiff asserted his innocence.

8

53.    Despite facing a potential lengthy prison sentence upon conviction at trial, Plaintiff

rejected all plea offers from the prosecution, including an offer to a plea to Sexual Abuse in the Third

Degree (New York Penal Law § 130.55), a class B misdemeanor, which would have carried a

maximum sentence of ninety days jail.

54.    After approximately two and a half years of pre-trial detention, Plaintiff was released

on April 13, 2011, when the prosecution moved to dismiss all charges against him.

## Plaintiff's Injuries and Damages

55.    As a direct and proximate consequence of the aforementioned actions by the

Defendants, Plaintiff:

(1) Suffered approximately two and a half years of imprisonment;

(2) Suffered severe emotional and mental anguish and pain;

(3) Suffered severe psychological injuries;

(4) Was denied his state and federal constitutional rights and liberties;

(5) Was denied the opportunity to pursue normal relationships with and to enjoy the
companionship of family members and friends;

(6) Was publicly shamed, disgraced, ridiculed and humiliated and suffered damage to
reputation;

(7) Incurred substantial legal fees;

(8) Was denied opportunity for gainful employment and income;

(9) Suffered permanent impairment of earning power;

(10) Continues to suffer from psychological injuries, emotional and mental anguish

and pain; and

(11) Incurred other items of attendant damages.

## FIRST CAUSE OF ACTION

### False Arrest Under 42 U.S.C. § 1983

56.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "55" above as if fully set forth herein.

57.     The Defendants who were acting within the scope of their employment, arrested and caused Plaintiff to be imprisoned without probable cause in violation of Plaintiff's right to be free from an unreasonable seizure under the Fourth Amendment to the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.  As a result of the aforesaid conduct by the Defendants, Plaintiff was taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated, without any probable cause, privilege or consent.

58.     As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

## SECOND CAUSE OF ACTION

### Malicious Prosecution Under 42 U.S.C. § 1983

59.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "58" above as if fully set forth herein.

60.    The Defendants misrepresented evidence before the District Attorney.

61.    The Defendants did not make a complete and full statement of facts to the District Attorney.

62.    The Defendants withheld exculpatory evidence from the District Attorney.

63.    The Defendants were directly and actively involved in the initiation of criminal proceedings against Plaintiff.

64.    The Defendants lacked probable cause to initiate criminal proceedings against Plaintiff.

65.    The Defendants acted with malice in initiating criminal proceedings against Plaintiff.

66.    The Defendants were directly and actively involved in the continuation of criminal proceedings against Plaintiff.

67.    The Defendants lacked probable cause to continue criminal proceedings against Plaintiff.

68.    The Defendants acted with malice in continuing criminal proceedings against Plaintiff.

69.    The Defendants misrepresented evidence throughout all phases of the criminal proceeding.

70.    Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in Plaintiff's favor when the Kings County District Attorney's Office dismissed all charges against Plaintiff on April 13, 2011.

## JURY TRIAL DEMAND

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

a.   For compensatory damages in an amount to be determined;

b.   For punitive damages against the Defendants in an amount to be determined;

c.   For reasonable attorneys' fees, together with costs and disbursements, pursuant to 42 U.S.C. §1988 and to the inherent powers of this Court's discretion;

d.   For pre-judgment interest as allowed by law; and

e.   For such other and further relief as this Court may deem just and proper.


Dated:        August 19, 2011
              New York, New York



                                                  BY: ANTHONY CECUTTI(AC5830)
                                                  100 Lafayette Street, Suite 401
                                                  New York, New York, 10013
                                                  (917) 741-1837



TO:    CITY OF NEW YORK
       c/o Corporation Counsel
       100 Church Street
       New York, New York  10007

       POLICE OFFICER DARRELL WALLACE (shield # 1902)
       New York City Police Department
       One Police Plaza
       New York, New York 10038

       POLICE OFFICER ABRAHAM HIDALGO (shield #791)
       New York City Police Department

One Police Plaza
New York, New York 10038

POLICE OFFICER AHMED (shield # 2004)
New York City Police Department
One Police Plaza
New York, New York 10038
POLICE OFFICER CAROL PETINAUD
New York City Police Department
One Police Plaza
New York, New York 10038

SERGEANT DANIELLE DAVIS
New York City Police Department
One Police Plaza
New York, New York 10038

SERGEANT WIL PELLEGRINO
New York City Police Department
One Police Plaza
New York, New York 10038

SERGEANT JAMES HUDAK
New York City Police Department
One Police Plaza
New York, New York 10038

## ATTORNEY VERIFICATION

State of New York     )
                      )        ss.:
County of New York  )


ANTHONY CECUTTI, ESQ., an attorney duly admitted to practice before the courts of the State of New York, affirm the following under penalty of perjury:

I represent the Plaintiff in this action. I have read the foregoing and know the contents thereof; the same is true to my own knowledge, except as to matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true. The reason this verification is made by us and not by the Plaintiff is that he resides outside of New York County, the location of our offices.


_____
ANTHONY CECUTTI, ESQ.

14