UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X

MICHAEL CARTER,

                              Plaintiff,

v.

CITY OF NEW YORK, POLICE OFFICER
DARRELL WALLACE, POLICE OFFICER
ABRAHAM HIDALGO, POLICE OFFICER
AHMED, POLICE OFFICER CAROL PETINAUD,
SERGEANT DANIELLE DAVIS, SERGEANT
WIL PELLEGRINO, and SERGEANT JAMES
HUDAK,

                              Defendants.

------------------------------------------------------------ X

**NOT FOR PUBLICATION**

**MEMORANDUM DECISION AND ORDER**

11 Civ. 4026 (AMD) (ST)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

DEC 1 6 2016

**ANN M. DONNELLY**, District Judge.

The *pro se* plaintiff, Michael Carter, appeals from Magistrate Judge Steven Tiscione's order denying his motion to compel document production more than two years after the close of discovery.[1] For the reasons that follow, I affirm Judge Tiscione's discovery order in full.

The standard of review regarding a non-dispositive ruling by a magistrate judge is "highly deferential." *Shipkevich v. Staten Island Univ. Hosp.*, No. 08-CV-1008 FB JMA, 2012 WL 4442621, at *1 (E.D.N.Y. Sept. 25, 2012). The Court will only set aside an order 'that is clearly erroneous or is contrary to law.'" *Id.* (citing 28 U.S.C. § 636(b)(1) (A); Fed. R. Civ. P. 72(a); *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)). "Magistrate judges have broad discretion in resolving discovery matters, and a party seeking to overturn a discovery order 'generally bears a heavy burden.'" *Id.* (quoting *Mental Disability Law Clinic v.*

---

[1] Discovery ended on May 2, 2014. (*See* Minute Entry, February 28, 2014.) The factual and procedural history of the case is set forth in my Order denying the plaintiff's motion to amend his complaint. (Dkt. No. 34.)

1

*Hogan*, 739 F.Supp.2d 201, 203–04 (E.D.N.Y. 2010)); *see also Keno v. Robinson*, No. CV-87-3164, 1988 WL 76566, at *4 (E.D.N.Y. July 15, 1988), *aff'd*, 909 F.2d 1472 (2d Cir. 1990) ("[I]n reviewing a magistrate's decision on a discovery question, a district court judge will not reverse a magistrate absent an abuse of discretion.") (citations omitted)). Judge Tiscione did not abuse his discretion. In fact, his order was correct in every respect.

As Judge Tiscione observed, the plaintiff sought the "production of documents, reports, docket sheets, scientific tests and the names of judges and attorneys involved at various stages of this case and the underlying criminal case giving rise to this action." (Order, Dkt. No. 53; *see also* Pl.'s Disc. Mot., Dkt. No. 51 (discovery motion listing "written reports and documents concerning....physical and mental examination[s]...[a]ll scientific test[s]", docket entry sheet, transportation sheet, a "copy of the papers removed from [the plaintiff's] files" and a doctor's report.) Thus, the plaintiff's current claim that he seeks only "a docket entry sheet [to] show the days he went to court" while he was incarcerated at Riker's Island, (Dkt. No. 55 at 2), is clearly incorrect. Because the plaintiff's request was plainly unreasonable, Judge Tiscione's discovery order was appropriate.

Nor is the plaintiff entitled to a hearing regarding his discovery motion, as he now maintains. (*Id.* at 2-3.) The Second Circuit has made clear that even dispositive "[m]otions may be decided wholly on the papers, and usually are." *McCall v. City of Danbury*, 16 F. App'x 77, 80 (2d Cir. 2001) (citing *World Brilliance Corp. v. Bethlehem Steel Co.*, 342 F.2d 362, 366 (2d Cir. 1965)). Thus, the plaintiff was not entitled to a hearing regarding his discovery motion.[2]

---

[2] The plaintiff supports his argument with habeas cases from the Tenth Circuit Court of Appeals; since the plaintiff is not a habeas petitioner, these cases are inapposite. *See United States v. Gutierrez*, 839 F.2d 648 (10th Cir. 1988) (considering habeas petitioner's right to an evidentiary hearing before denying a motion on the merits under 28 U.S.C. § 2255); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991) (noting that a habeas petitioner did not waive his right to object from a magistrate judge's recommendation that his petition "be denied without a hearing based upon a review of the pleadings in th[e] case..." because "the magistrate's order [did] not apprise the pro se

2

Finally, the plaintiff asserts that Judge Tiscione's order is not signed.[3] Judge Tiscione signed the order with an electronic signature, which is sufficient. *See, e.g.* U.S. Dist. Ct. Rules S.D.N.Y. & E.D.N.Y., Local Civ. R. 6.2 (noting that a docket entry may constitute an order); U.S. Dist. Ct. Rules S.D.N.Y., CM/ECF, R. 4.1 ("Orders of the Court may appear solely in electronic form" and "[d]ocuments may be signed by a judge using an electronic signature...").

## CONCLUSION

For the above reasons, I affirm Judge Tiscione's discovery order in full.

**SO ORDERED.**

                                        s/Ann M. Donnelly

                                        Ann M. Donnelly
                                        United States District Judge

Dated: Brooklyn, New York
December 15, 2016

---

litigant of the consequences of a failure to object to findings and recommendations."). Unlike the cited cases, this action is not governed 28 U.S.C. § 2255.

[3] The plaintiff also raises several points regarding the merits of the underlying dispute. Since the plaintiff's appeal is limited to Judge Tiscione's discovery order, I reserve judgment on the merits.